Filed 6/26/24  P. v. Merideth CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B332708 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA154968) |
| v. | |
| DARRYL JOSHUA MERIDETH, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hector E. Gutierrez, Judge.  Affirmed in part; reversed in part with directions.

Robert H. Derham, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Tarlye and Lauren N. Guber, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted Darryl Joshua Merideth of second degree murder and found he personally used a firearm to commit the murder within the meaning of Penal Code section 12022.5, subdivision (a).[1] The trial court then found as an aggravating circumstance that Merideth was armed with and used a weapon during the commission of the murder.

The court sentenced Merideth to 15 years to life for the murder. Turning to the firearm enhancement, a finding pursuant to section 12022.5 generally carries a consecutive prison term of three, four, or ten years. However, section 1170.1, which governs enhancement sentencing, mandates the middle term unless certain aggravating circumstances exist. The trial court found that for purposes of the firearm enhancement, Merideth's use of a weapon was an aggravating circumstance justifying the upper term. Accordingly, the court sentenced Merideth to the upper term of 10 years for the firearm enhancement, to run consecutive to 15 years to life for the murder.

Merideth contends it was illegal to apply the facts of his gun use both to prove the elements of the firearm enhancement and to select the upper term under section 12022.5. Respondent concedes the point, and we agree. Accordingly, we will reverse the judgment for the limited purpose of resentencing.

## BACKGROUND

On July 9, 2021, 25-year-old Merideth, a gang member, initiated a gun battle outside a marijuana dispensary with rival gang member Dequann Williams, who used crutches due to an

---

[1] Undesignated statutory references will be to the Penal Code.

2

ankle injury. After the two exchanged approximately two dozen shots, Merideth killed Williams.

The Los Angeles County District Attorney charged Merideth with murder (§ 187, subd. (a)) and alleged he personally used a firearm within the meaning of section 12022.5, subdivision (a). The information alleged as aggravating circumstances that Merideth was armed with and used a weapon during the commission of the offense, that the victim was particularly vulnerable, and that Merideth engaged in violent conduct indicating a serious danger to society.

At trial, Merideth admitted shooting Williams but testified he did so in self-defense because the victim told him outside the marijuana dispensary that Merideth had "better be gone by the time [Williams got] to his car or it's bad," which Merideth interpreted as a death threat.

He also testified that from an early age he was hypervigilant to danger. Beginning when he was only nine years old, he saw many friends and people in his community get shot. He had himself been shot twice, once when he was 15 and again when he was 24. As a result, he was constantly on the alert and carried a gun to protect himself.

Merideth's girlfriend testified that Williams threatened Merideth outside the dispensary.

During closing argument, defense counsel argued Merideth acted in self-defense.

After being instructed on the lesser offense of voluntary manslaughter, on imperfect self-defense (CALCRIM No. 571), and on self-defense as a complete defense to murder (CALCRIM No. 505), the jury convicted Merideth of second degree murder and found true the gun use allegation.

3

Turning to the alleged aggravating circumstances, the court found true that Merideth used a gun.  However, it found not true that Merideth engaged in violent conduct indicating a serious danger to society (the court rejected this allegation because it believed it was duplicative of the gun allegation), and not true that the crutch-using Williams was particularly vulnerable.

The court sentenced Merideth to 15 years to life for the murder and to a consecutive upper term of 10 years for the firearm enhancement.

## DISCUSSION

### A.    The Upper Term was Illegal

Merideth first contends that because the trial court applied the fact of his gun use both to establish the section 12022.5 firearm enhancement and to elevate the sentence from the presumptive middle to the upper term, the sentence was illegal. Respondent concedes this point, and we agree.

Although a firearm finding pursuant to section 12022.5 generally carries a consecutive prison term of 3, 4, or 10 years, section 1170.1, which governs sentencing for enhancements, provides that when an enhancement finding "is punishable by one of three terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)."  (§ 1170.1, subd. (d)(1).)

That paragraph provides:  "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at

4

trial by the jury or by the judge in a court trial." (§ 1170.1, subd. (d)(2); see *People v. Flores* (2022) 73 Cal.App.5th 1032, 1038 [section 1170.1 makes the middle term the presumptive sentence unless certain aggravating circumstances exist].)

"A fact is aggravating if it makes defendant's conduct distinctively worse than it would otherwise have been." (*People v. Zamarron* (1994) 30 Cal.App.4th 865, 872.)

The same fact may not be applied to prove both the elements of a sentence enhancement and the aggravating circumstance necessary to depart from the presumptive middle term. (*People v. Lincoln* (2007) 157 Cal.App.4th 196, 203-204 ["Using an inherent feature of an enhancement as a justification for imposing the high term on that enhancement would collapse the sentencing scheme by making every occurrence of that enhancement aggravated, undermining the purpose of an aggravating factor"].)

Here, based solely on Merideth's use of a firearm, the trial court imposed the upper term of 10 years rather than the presumptive middle term of four years, or lower term of three. But Merideth's use of a gun was an inherent feature of the enhancement finding itself, not something which made the firearm use distinctively worse; it thus failed to justify departing from the presumptive middle term.

## B. The Trial Court May Select the Middle or Lower Term

Merideth next contended that because mitigating circumstances existed—he had suffered childhood trauma and was only 25 years old at the time of the offense—the four-year middle term would be illegal as well, making only the lower three-year term permissible. After Respondent contested this

5

point in his opposition brief, Merideth's counsel sent us a letter in lieu of a reply brief, essentially withdrawing the contention and acceding to remand for the trial court to select either the middle or lower term. We agree with this course.

Section 1170 provides that "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [or] that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the *lower* term if any of the following was a contributing factor in the commission of the offense: [¶] . . . The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence[; or] [¶] . . . [t]he person . . . was a youth . . . at the time of the commission of the offense." (§ 1170, subd. (b)(6), italics added.)

The presumption in favor of the lower term arises only if the mitigating circumstance "was 'a contributing factor' in [the] commission of the offense." (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 991.)

There is a threshold question whether the Legislature intended the procedure set forth in section 1170 (applied to offenses) governs sentencing under section 1170.1 (applied to enhancements), and also whether the mitigating factors listed in section 1170, subdivision (b)(6) apply to enhancement sentencing. There is a further question whether lifelong exposure to gang violence qualifies as a mitigating factor under section 1170. But as Respondent has not briefed these issues and both sides accede to remand for resentencing, the trial court may consider them in the first instance.

6

Here, although Merideth testified that he suffered childhood trauma, there has been no finding on this fact or its contribution to Williams's murder.  Similarly, although Merideth was a youth at the time of the offense, nothing in the record suggests, and there has been no finding, that his age contributed to the murder.  These matters may be explored upon resentencing.

## DISPOSITION

The judgment is reversed for the limited purpose of resentencing in harmony with this opinion.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

BENDIX, Acting P. J.

WEINGART, J.